IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------- :
EDWIN JOHNSON, JR.,                             : CASE NO.  1:09 CV 02221
                                                :
                             Petitioner,        :
                                                : MEMORANDUM OF OPINION AND
                  -vs-                           : ORDER ADOPTING THE
                                                : MAGISTRATE'S REPORT AND
KEITH SMITH, Warden,                            : RECOMMENDATION AND
                                                : DISMISSING THE HABEAS PETITION
                             Respondent.        :
------------------------------------------------- :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Petitioner Edwin Johnson, Jr., through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  (Doc. 1).  In a thorough Report and Recommendation ("R&R") United States Magistrate Judge David S. Perelman recommended denying the petition on each of Johnson's five claims for relief.  (Doc. 15).  Through counsel, Johnson filed a timely objection to the R&R, challenging the recommendations as to each of the five grounds for relief.  (Doc. 16).

---

[1]As amended, 28 U.S.C. § 2254(d) provides:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary. See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e). For the following reasons, the Court adopts the report and recommendation of the Magistrate Judge and denies Johnson's habeas petition.

## I. Background

In reviewing the record de novo, the Magistrate Judge's Report and Recommendation ("R&R), and the Petitioner's timely objections, the Court will rely upon, and not repeat here, the state appellate court's findings of fact as enunciated in the R&R. See Sumner v. Mata, 449 U.S. 539, 546-47 (1981) (finding a presumption of correctness applies to the factual findings of a state appellate court based on the state trial record).

After a jury returned verdicts finding Johnson guilty of aggravated murder, tampering with evidence, and gross abuse of a corpse, in the death of his reputed wife and mother of his two children, the trial court sentenced Petitioner to concurrent terms of five years in prison for tampering with evidence and one year in prison for gross abuse of a corpse to be served consecutively with a sentence of fifteen years to life in prison for the conviction of aggravated murder. State of Ohio v. Johnson, CR-05-471456.

As discussed and reviewed in the Magistrate Judge's R&R, Johnson's federal habeas petition asserts five grounds for relief:

1. Ground One: The improper admission of "other acts" evidence not inextricably related to the murder denied Petitioner a fair trial under the 14th Amendment of the U.S. Constitution.

2

2.    Ground Two: Prosecutorial misconduct denied Petitioner a fair trial under the 14th Amendment of the U.S. Constitution.

3.    Ground Three: Violation of the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution when the State's case in chief elicited testimony that Petitioner's failure to deny killing the victim was substantive evidence of guilt.

4.    Ground Four: Cumulative effects of the errors at trial exemplified in Grounds One, Two, and Three, deprived Petitioner of a fair trial in violation of Due Process under the Fourteenth Amendment of the U.S. Constitution.

5.    Ground Five: Evidence insufficient to sustain the convictions and the convictions violate the Fourteenth Amendment of the U.S. Constitution.

(Doc. 1).

Johnson has filed objections to the Magistrate Judge's R&R, challenging the reasoning and recommendation as to each of the five grounds of his habeas petition.


## II.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254 , was signed into law on April 24, 1996.  The United States Supreme Court has held that the provisions of the AEDPA apply to habeas corpus petitions filed after that effective date.  See Woodford v. Garceau, 538 U.S. 202, 210, 123 S. Ct. 1398, 155 L. Ed.2d 363 (2003);  Barker v. Yukins, 199 F. 3d 867, 871 (6th Cir. 1999).  Johnson's petition was filed after AEDPA's effective date.

AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases, and 'to further the principles of comity, finality, and federalism.' "  Woodford, 538 U.S. at 206 (citing Williams v. Taylor, 529 U.S. 362, 386, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000)).  In advancing those goals, Section 2254(d) placed new constraints on "the power of a federal habeas court to grant a state

prisoner's application for a writ of habeas corpus with respect to claims adjudicated on

the merits in state court." Williams, 529 U.S. at 412.  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court outlined the proper application of § 2254(d) in

Williams v. Taylor, supra. To justify a grant of habeas relief under the "contrary to"

clause, "a federal court must find a violation of law clearly established by holdings of the

Supreme Court, as opposed to its dicta, as of the time of the relevant state court

decision." Miller v. Francis, 269 F.3d 609, 614 (6th Cir. 2001) (quoting Williams v.

Taylor, supra).   "[U]nder the 'unreasonable application' clause, a federal habeas court

may grant the writ if the state court identifies the correct governing legal principle from

[the Supreme] Court's decisions but unreasonably applies that principle to the facts of

the prisoner's case." Williams 120 S. Ct at 1523.  The Sixth Circuit has held that, even if

a federal court could determine that a state court incorrectly applied federal law, the

court still could not grant relief unless it also finds that the state court ruling was

unreasonable.  Simpson v. Jones, 238 F. 3d 399, 405 (6th Cir. 2000).

4

When objections are received to a Magistrate Judge's R&R on a dispositive matter, the District Court "shall make a <u>de novo</u> determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made...." Fed.R.Civ.P. 72(b).  Upon review, the Court "may accept, reject or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  <u>Id</u>; <u>see also</u> 28 U.S.C. 636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." <u>Howard v. Secretary of Health and Human Services</u>, 932 F. 2d 505, 509 (6th Cir. 1991).

### III.  Law and Argument

In parallel with the underlying R&R, and the structure of Johnson's brief in opposition, the Court will address each of the Petitioner's objections in seriatim.

### A.  Ground One: Improper Admission of "other acts" evidence.

The Petitioner objects to the Magistrate Judge's recommendation of dismissal of ground one.  Johnson again claims that the admission of "other acts" evidence, including "unsubstantiated claims of previous choking incidents; the extramarital affairs of Mr. Johnson; his alleged failure to properly provide for his children; the alleged marriage by Mr. Johnson to another woman and then his marriage to the victim without legally terminating the previous marriage; and his purchase of an engagement ring for his alleged lover shortly before his wife's death," combined to deprive the Petitioner of a fair trial.

5

As an initial matter the Court notes that verbatim restatements of arguments already addressed by the Magistrate Judge do not amount to proper objections.  With regard to Johnson's objections to the R&R's recommendation to dismiss his first claim of relief the Petitioner's "Objections" amount to mere recitations of his Petition and Traverse.  Such "general objections" do not serve the purposes of Federal Rule of Civil Procedure 72(b), which requires the Court to conduct a de novo review only of the portions of the Magistrate Judge's R & R to which a party objects.  See Cvijetinovic v. Eberlin, 617 F.Supp.2d 620, 631 (N.D. Ohio 2008) (citing Jones v. Moore, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio Apr.7 2006));  Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich.2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.");  see also Union Labor Life Ins. Co. v. Olsten Corp. Health & Welfare Benefit Plan, 617 F.Supp.2d 131, 134 (E.D.N.Y. 2008) (characterizing arguments copied verbatim from prior briefs and labeled "objections" as a "regurgitation" of arguments made to the magistrate judge and finding that they were not proper objections necessitating de novo review); see generally 12 Charles Alan Wright, Arthur Miller, & Richard L. Marcus, Federal Prac. & Proc. § 3070.1, n. 4 (2d ed.2010) (citing numerous cases in various jurisdictions for the principle that "regurgitating" or "rehashing" arguments already submitted to and addressed by the magistrate judge is not an objection sufficient to trigger de novo review of the R & R based on the efficiency purpose of a magistrate judge's role). Accordingly, the Court will address only the objections that Johnson raised

in response to the R & R itself—it will not address all of the arguments analyzed in the R&R that are reasserted verbatim in the Petitioner's Objections.

Magistrate Judge Perelman's R&R urges dismissal of the first ground for relief because questions regarding the admission or exclusion of evidence, even if admitted in violation of Ohio law, are not cognizable in federal habeas corpus.  Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003).  The R&R reviewed the ruling of the state appellate court involving the prior acts testimony "concerning Johnson's choking Brandy, domestic violence incident, an extra-marital affair, and bigamy," and properly accorded the factual determinations the presumption of correctness which can only be rebutted by clear and convincing evidence.  Relying entirely upon the application of state law, the state appellate court found no abuse of discretion by the trial court in the admission of evidence under Evid. R. 404(B) exceptions for modus operandi identity and motive.

Further, the R&R properly recommended finding Johnson's constitutional claims without merit, as the Petitioner failed to show that the state court decisions were contrary to, or an unreasonable application of, clearly established federal law.  (Doc. 15, pp. 11-12).   Upon a de novo review of the record, the Court agrees.  In reviewing the result of the state court decisions to determine whether the result of those decisions is contrary to clearly established Supreme Court precedent, the Court will hold that it is not.

When an evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief.  Coleman, 244 F.3d at 542; Seymour v. Walker, 224 F.3d 542, 552 (6th Cir. 2000).  Nonetheless, "courts 'have defined the category of infractions that violate 'fundamental

7

fairness' very narrowly.' " Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993) (quoting Dowling v. United States, 493 U.S. 342, 352 (1990)).  "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.' " Seymour, 224 F.3d at 552 (quoting Montana v. Egelhoff, 518 U.S. 37, 43 (1996)).

In this case, the admission of prior bad acts evidence was not contrary to clearly established Supreme Court precedent. There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence.  In Estelle v. McGuire, the Supreme Court declined to hold that the admission of prior injury evidence violated due process, thus warranting habeas relief.  502 U.S. 62, 75 (1991).  The Court stated in a footnote that, because it need not reach the issue, it expressed no opinion as to whether a state law would violate due process if it permitted the use of prior crimes evidence to show propensity to commit a charged crime.  Id. at 75 n. 5, 112 S.Ct. 475.  Moreover, in Spencer v. Texas, 385 U.S. 554 (1967), the Supreme Court rejected the argument that the Due Process Clause requires the exclusion of prejudicial evidence, even though limiting instructions were given and a valid state purpose is served.  Id. at 563-64, 87 S.Ct. 648.  The Court recognized that it was not "a rule-making organ for the promulgation of state rules of criminal procedure.  And none of the specific provisions of the Constitution ordains this Court with such authority."  Id. at 564, 87 S.Ct. 648.  While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, see Old Chief v. United States, 519 U.S. 172 (1997);

8

Huddleston v. United States, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.  Accordingly, this Court finds that there is no Supreme Court precedent that the trial court's decision could be deemed "contrary to," under AEDPA.

Accordingly, the Court finds the Petitioner has not shown that the state appeals court's determination was contrary to or that it unreasonably applied clearly established federal law in this instance and will, therefore, deny ground one of the Petitioner's habeas claim.


**B.  Ground Two: Alleged Prosecutorial Misconduct.**

The Petitioner maintains he was not afforded a fair trial due to prosecutorial misconduct that entailed the introduction of other acts evidence, eliciting opinion testimony on extramarital affairs, and bigamy, the use of leading questions in the direct examination of prosecution witnesses, and improper argument in opening statements and closing arguments.

Johnson's objections raise nothing new beyond his arguments presented in his Traverse.  Indeed, eight of the nine paragraphs submitted by Johnson in his objections to the R&R appear verbatim in his Traverse.  In response to the R&R, Johnson has chosen to focus on the prosecutor's statements during closing argument, comments analogizing Johnson's opening statements to "suicide by jury" and a closing remark asking for a guilty verdict after speculating "who knows what could happen to [Johnson's] next wife."

While the state court of appeals did not specifically address these two remarks, it nevertheless did address Johnson's prosecutorial misconduct allegation that he was unfairly referred to as a bigamist and a liar.  Prior to addressing those allegations the state appellate court noted in its Opinion:

> ¶ 41 Generally, prosecutors are entitled to considerable latitude in closing argument. [state citations].  In closing argument, a prosecutor may comment freely on "what the evidence has shown and what reasonable inferences may be drawn therefrom." [state citations].  "Moreover, because isolated instances of prosecutorial misconduct are harmless, the closing argument must be viewed in its entirety to determine whether the defendant has been prejudiced." [state citations].

The state appellate court rulings comport with clearly established federal law.  On habeas corpus review, the standard to be applied to claims of prosecutorial misconduct is whether the conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process,"  Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974); Darden v. Wainwright, 477 U.S. 168 (1986);  Bates v. Bell, 402 F.3d 635, 640–41 (6th Cir. 2005);  Kincade v. Sparkman, 175 F.3d 444 (6th Cir.1999) or whether it was "so egregious as to render the entire trial fundamentally unfair."  Cook v. Bordenkircher, 602 F.2d 117 (6th Cir. 1979).

The court must first decide whether the complained-of conduct was in fact improper.  Frazier v. Hufman, 343 F.3d 780 (6th Cir. 2003), citing United States v. Carter, 236 F.3d 777, 783 (6th Cir. 2001).  A four-factor test is then applicable to any conduct the Court finds inappropriate: "(1) whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant; (2) whether conduct or remarks were isolated or extensive; (3) whether the remarks were deliberately or accidentally made; and (4) whether the evidence against the defendant

10

was strong." Id. The court must decide whether the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt. Angel v. Overberg, 682 F.2d 605, 608 (6th Cir. 1982). The court must examine the fairness of the trial, not the culpability of the prosecutor. Serra v. Michigan Department of Corrections, 4 F.3d 1348, 1355 (6th Cir. 1993), quoting Smith v. Phillips, 455 U.S. 209, 219 (1982). The misconduct must be so gross as probably to prejudice the defendant. Prichett v. Pitcher, 117 F.3d 959, 964 (6th Cir. 1997), cert. denied, 522 U.S. 1001 (1997). Relief cannot be granted unless "the prosecutor's statement likely had a bearing on the outcome of the trial in light of the strength of the competent proof of guilt." Id. To constitute a denial of due process, the misconduct must be "so pronounced and persistent that it permeates the entire atmosphere of the trial." Id.

Claims of prosecutorial misconduct are reviewed deferentially on habeas review. Thompkins v. Berghuis, 547 F.3d 572 (6th Cir. 2008). Under the AEDPA, this bar is heightened by the deference given to the state courts' determination of the petitioner's prosecutorial misconduct claims. As the Sixth Circuit has explained,

> If this court were hearing the case on direct appeal, we might have concluded that the prosecutor's comments violated [the petitioner's] due process rights. But this case is before us on a petition for a writ of habeas corpus. So the relevant question is not whether the state court's decision was wrong, but whether it was an unreasonable application of clearly established federal law.

Macias v. Makowski, 291 F.3d 447, 453–54 (6th Cir. 2002).

Johnson's claims do not meet this stringent standard. Here the state appellate court found the prosecutor's comments during closing arguments as reasonable inferences from the evidence. This Court cannot say that the Court of Appeals ruling

was an objectively unreasonable application of the Supreme Court precedent on this

question cited above.  Further, the two isolated comments uttered by the prosecutor

during closing arguments were either reasonable inferences from the evidence or utterly

harmless in the totality of the circumstances.  In the first instance, in his closing

argument the prosecutor addressed Johnson's pro se opening statement, paraphrasing

Johnson as instructing the jury: "if at the end of the case you find I committed this, I

want you to convict me."  The prosecutor then stated:

> The analogy to suicide by – is suicide by jury.  I can't accept responsibility
> for what I did, I'm asking you to impose it on me.  Impose responsibility for
> my crime.  That's what you heard in his opening.

(TR 1343-44).  In this instance, the prosecutor's reinterpretation of Johnson's opening

comment, that he is asking the jury to impose responsibility upon him, is not merely an

isolated comment but a reasonable inference from Johnson's prior directive to the jury.

The prosecutor's closing comment no more prejudices the jury toward Johnson than

does the Petitioner's own opening directive to the jury.

The Court discerns nothing improper by the comments in question.  The

prosecutor did not express a personal opinion concerning Johnson's credibility, but

instead legitimately commented on the evidence, an opening pro se statement from the

accused and an expression of the strength of the deterrent effect of a conviction.  The

prosecutor argued from the evidence and as such made reasonable inferences

therefrom.  The state appellate court, commenting upon the propriety of the prosecutor's

closing statement, concluded the statements did not deprive Johnson of a fair trial.  That

conclusion is neither contrary to, nor involves an reasonable application of, clearly

established federal law.   Furthermore, this decision is not based on an unreasonable

determination of the facts in light of the evidence presented.  In sum, Petitioner has

failed to demonstrate that the prosecutor's comments violated his right to a fair trial.

Thus, this claim raises no issue upon which habeas relief may be granted.

Accordingly, the Court will deny ground two of Johnson's habeas petition in

finding that the state appeals court did not unreasonably apply clearly established

federal law.


**C.  Ground Three: Improper Testimony Regarding Petitioner's Silence.**

In ground three, Johnson maintains the prosecution violated his several

constitutional rights to remain silent when it elicited testimony during its case-in-chief

that the Petitioner failed to deny murdering the victim.

The United States Supreme Court determined in Doyle v. Ohio, 426 U.S. 610,

619 (1976), that a defendant's silence regarding the events surrounding the alleged

crime may not be used to impeach the defendant's version of the events.  Such

impeachment is regarded as a Doyle violation warranting relief.  In assessing whether a

violation occurred, courts look to whether reference to a defendant's silence was used

against the defendant and whether such use actually caused harm.  See Greer v. Miller,

483 U.S. 756, 763-64, n. 5 (1987).  The general rule is that the state may not make use

of a defendant's post-Miranda silence during trial.  However, the Supreme Court has

determined that even if a Doyle violation is established, a federal habeas court may not

grant the writ unless it is also shown that the violation had "a substantial and injurious

effect or influence in determining the jury's verdict."  Brecht v. Abramson, 507 U.S. 619,

(1993).

The state appellate court notes the following testimony elicited by the prosecutor in examining lead investigator, Detective Harry Matlock:

> Q.  Now, did you hear the testimony of Travis Milam and Carmen Long that when they spoke with the defendant during various points in their conversation with them after Brandy's death was discovered that he made a statement, I didn't do it to both Travis and Carmen?
>
> A.  Correct.
>
> Q.  Did he ever make such a statement to you?
>
> A.  Never.

The state appellate court notes that the exchange "appear[s] to be a blatant Doyle violation.  However the rest of the exchange indicates that the State was inquiring into Detective Matlock's investigative procedures."  The state appellate court notes the above colloquy continued as follows:

> Q.  During the Course of your investigation did you receive documents in connection with the personal affairs of Brandy Wittenberg Johnson?
>
> A.  We conducted a search warrant at 2513 Woodbridge Avenue with the consent of Mr. Johnson, form which he signed and there were documents there on the dining room table that we had secured from the address.
>
> Q.  Detective, the first document that's before you, I believe is State's 152.  What was the last item we left off before we get into these?
>
> A.  152 is the marriage license.

Reviewing the trial testimony, the state appellate court found no Doyle violation. Instead the state appellate court viewed the prosecutor's examination of Detective Matlock as an effort to elicit the Detective's investigative procedures.  The state appellate court concluded that the question regarding whether Johnson made a

14

statement to the Detective was isolated and was not meant to be an insinuation of Johnson's guilt based on his silence.

Upon a de novo review of the record, the Court is persuaded that the prosecutor's isolated question was not designed to show meaning from silence but, instead, to elicit Detective Matlock's investigative procedures. As such, the Court finds the testimony did not mislead the jury or prejudice the defendant, and clearly did not rise to the necessary habeas standard that the testimony, in order to be constitutionally erroneous, "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. at 627.

Accordingly, the Court adopts the Magistrate Judge's recommendations with regard to the third ground of Johnson's habeas petition and finds the decision of the state appeals court was not contrary to clearly established federal law.


### D.  Ground Four: Cumulative Effect of Errors Create Due Process Issue

In his fourth ground for relief, the Petitioner contends that his constitutional rights were violated by the cumulative effect of the trial errors upon which his first three claims for relief were based. Thus, Johnson contends, the admission of "other acts" evidence, the prosecutorial misconduct, and the testimony regarding Petitioner's silence, combined to deprive Johnson of his due process right to a fair trial.

As the Court finds Johnson's first three claims for relief without merit, it follows that Johnson's fourth claim is also without merit and will be dismissed. Accordingly, the Court adopts the Magistrate Judge's recommendation with regard to the fourth ground

of Johnson's habeas petition and finds the decision of the state appeals court was not contrary to clearly established federal law.

### E.  Ground Five: Insufficient Evidence to Sustain the Convictions.

Johnson maintains that the evidence relied upon to convict him at trial was constitutionally insufficient.  As he did in his Traverse, and transporting those arguments verbatim into his objections to the R&R, Johnson again maintains the evidence of "cervical compression"[2], the circumstantial nature of the evidence, and the state appellate court's review of the evidence, together amount to an insufficiency of constitutional proportion.

An allegation that a verdict was entered upon insufficient evidence, such as Petitioner makes in his fifth ground for relief, states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Jackson v. Virginia, 443 U.S. 307 (1979); In re Winship, 397 U.S. 358(1970);  Johnson v. Coyle, 200 F.3d 987, 991 (6th Cir. 2000);  Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir. 1990) (en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  In re Winship, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt ....  This familiar standard gives full play to the responsibility of the trier of fact

---

[2]In both Traverse and Objections, Johnson maintains "[t]here are several types of cervical compression including strangulation, bar arm hold, compression of the neck with an instrument such as a knee, broomstick, or forearm and choking." (Doc. 16, p. 12).

16

fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

Jackson v. Virginia, 443 U.S. at 319; United States v. Paige, 470 F.3d 603, 608 (6th Cir. 2006). This rule was adopted as a matter of Ohio law at State v. Jenks, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. In re Winship, supra.

The state appellate court applied the correct federal constitutional standard from Jackson v. Virginia as it has been previously enunciated in Ohio case law. The question before this Court, then, is whether that application was objectively reasonable.

In this instance, where the Petitioner brings a habeas challenge to the constitutional sufficiency of the evidence used to convict him, the Court is bound by two layers of deference. First, as in all sufficiency-of-the-evidence challenges, the Court must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). In doing so, the Court does not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute its judgment for that of the jury. See United States v. Hilliard, 11 F.3d 618, 620 (6th Cir. 1993). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 130 S.Ct. 841, 849 (2010). Nor is it unreasonable merely because "reasonable minds reviewing the record might disagree." Id. Thus, even though the Court might have not voted to convict a defendant had it

participated in jury deliberations, it must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution.

Second, even were the Court to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, the Court must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable.  See 28 U.S.C. § 2254(d)(2).  Brown v. Konteh, 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under Jackson v. Virginia, and then to the appellate court's consideration of that verdict, as commanded by AEDPA.  Tucker v. Palmer, 541 F.3d 652 (6th Cir. 2008).

In reviewing the Petitioner's sufficiency of the evidence challenge, the state appellate court concluded as follows, pursuant to the standard laid down in Jenks and Jackson v. Virginia:

> In the instant case, Johnson admitted to Detective Matlock that he was at the marital residence the day Brandy was last seen or heard from. Johnson also admitted that he and Brandy had an argument that day. Johnson then claimed that Brandy walked down the steps, out the front door, and he never saw her again.  Carmen Long testified that she saw Brandy when she went with Johnson to the house.  Long testified that after gathering some clothes, she went back to sit in the car with Juanita, while Johnson was still inside the house with Brandy.  Long testified that she never saw Brandy exit the house.
>
> Juanita Jones testified that she drove with Johnson and Long to Brandy's house that day.  Jones testified that she waited in the car while Johnson and Long went in the house.  Jones testified that after Long returned to the car and she continued to wait for Johnson, she received a telephone call from Johnson indicating that he had choked Brandy and that she looked unconscious.  Jones also testified that she never saw Brandy exit the house.

18

Jones also testified that Johnson asked her to buy bleach and garbage bags and bring them to him at Brandy's house.  Jones delivered the requested items to Johnson at Brandy's home, and he proceeded upstairs with them.  Jones further testified that the following morning, at approximate [sic] 4:00 a.m., Johnson left Jones' house after claiming he had to go to the store and to his parent's house.  Jones testified that she did not see Johnson until she awoke later that morning.[3]

Finally, the coroner determined that Brandy was choked to death[4] and numerous witnesses testified that Johnson had choked Brandy on prior occasions.  The foregoing evidence, viewed in a light most favorable to the State is sufficient to establish the elements of the charged crimes.  Accordingly, we overrule the fifth assigned error.

These are all facts and circumstances from which a jury can infer the necessary elements for a conviction for aggravated murder, tampering with evidence, and gross abuse of a corpse.  Further, there is nothing necessarily contradictory in the medical evidence.  Cervical compression can occur through manual strangulation, as the state appellate court observed.  Finally, the coroner's testimony that the victim ate only 4-6

---

[3]In its earlier summary of the facts, the state appellate court noted that:

Friends of Brandy Wittenberg last saw her or last heard from her on September 25, 2005.  The next day [the day on which Juanita Jones testifies that Johnson leaves at 4:00 a.m.] workers at Kilroy Steel observed a fire on an adjacent vacant property.  The police and the fire departments discovered that the burning bag contained a badly burned body, which they later identified as Brandy Wittenberg, the reputed wife of Edwin Johnson, jr., the mother of his two girls.

[4]While the state appellate court notes here, in its summation of the evidence, that the Coroner determined that "Brandy was choked to death," it provides a more accurate and nuanced evaluation of the coroner's testimony earlier in its review of Johnson's first assigned error, where the appellate court notes:

The Coroner testified that Brandy's death was caused by cervical compression to the neck caused by manual strangulation.  The State's theory of the case was that Johnson killed Brandy by strangling her.

19

hours before her death, and that she was killed 12-14 hours before her body was found are not inconsistent with the trajectory of events on Sunday afternoon, 25 September 2005, and into the early morning hours of Monday.

Reviewing the appellate opinion <u>de novo</u> and with the prescribed deference, this Court cannot say that the state appellate court's determination was objectively unreasonable.  Therefore Petitioner's fifth claim for relief is without merit.

## IV.  Certificate of Appealability

A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability.  <u>Murphy v. Ohio</u>, 263 F.3d 466, 467 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  <u>Id.</u> at 467.  Each issue must be considered under the standards set forth by the Supreme Court in <u>Slack v. McDaniel</u>, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  <u>Murphy</u>, 263 F.3d at 467.  Consequently, this Court examines the Petitioner's claims pursuant to the <u>Slack</u> standard.

Under <u>Slack</u>, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  For the foregoing reasons, the Court finds that reasonable jurists could not find that this Court's dismissal of Johnson's habeas claim was debatable or wrong.  Thus, the Court will deny Johnson a certificate of appealability.

Johnson presented five grounds for relief in his habeas petition and, before this Court, objected to the Magistrate Judge's recommendations in each of those five grounds.  While the Court performed a de novo review upon the merits it will be noted that the Petitioner's objections were largely rearranged arguments lifted verbatim from his Traverse.  Nevertheless, upon <u>de novo</u> review, pursuant to Johnson's objections to the Magistrate Judge's R&R, this Court denied grounds one, two, three, four, and five of Johnson's petition finding the state appeals court's denial of relief was not an unreasonable application of clearly established federal law, nor was it contrary to clearly established federal law.

Upon review pursuant to <u>Slack</u>, this Court further concludes that Johnson has not established that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong.  Accordingly, pursuant to the standard laid down in <u>Slack</u>, this Court denies a COA for Johnson's habeas claims.

### V. Conclusion

For the foregoing reasons, this Court denies the Petitioner's objections and adopts Magistrate Perelman's clear and concise R&R.  Accordingly, Johnson's habeas petition, pursuant to 28 U.S.C. § 2254, is dismissed without further proceedings.

IT IS SO ORDERED.

  /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Dated: 7 February 2012